ALEXANDER BLAKE, PLAINTIFF IN ERROR, v. SAMUEL A. CHAMBERS, EXECUTOR OF THE ESTATE OF WILLIS HILL, DECEASED, AND OTHERS, DEFENDANTS IN ERROR.

1. **Executor :** JURISDICTION OF DISTRICT COURT. The district court has jurisdiction over executors, and others holding a fiduciary relation, and may compel the proper application of trust funds committed to their care.

2. ———: MISAPPLICATION OF TRUST FUNDS. A petition alleged that an executor had fraudulently invested assets of the estate in land, taking the title thereto in his own name, never having accounted for the same in his final report to the probate court; *held*, on demurrer, that a creditor of the deceased had an equitable lien on the land, for the payment of the amount due him from the estate.

3. **Statute of Limitations :** FRAUD. In actions for relief on the ground of fraud, the statute of limitations does not begin to run until the discovery of the fraud. *Gen. Stat.*, 525, *Sec.* 12.

ERROR from the district court of Nemaha County.

Petition in equity to subject lots numbered nine, ten, and eleven, of the north-west quarter, and the south-west

quarter of section three, town four, range fifteen east, and the north east quarter of section three, town four north, of range fifteen east, and the south-west quarter of the south-east quarter of section thirty-four, town five north, of range fifteen east, to the payment of a claim held by Alexander Blake against the estate of Willis Hill, deceased, of which Samuel A. Chambers was executor.

The petition of plaintiff alleged that in 1857, Willis Hill died intestate, and willed that his debts be first paid out of his property, and that defendant, Samuel A. Chambers be sole executor; that soon after, said Chambers received letters testamentary, and accordingly entered upon the discharge of his trust; that in 1861, the claim of Sarah and David Crippen against said estate, was duly allowed against the estate by the probate court, since which time it had been duly assigned to the plaintiff; that no part of said claim had been paid; that said Chambers, while acting as such executor, invested the personal property and assets of said estate in the lands above described, and paid for said lands wholly with said personal property and assets, and took the legal title thereof in his own name; that in 1867, said Chambers, as executor, rendered a final account to the probate court, in which neither the said assets nor the lands purchased therewith, were accounted for, and the probate court took neither into consideration at the hearing; that at the hearing of said account, the probate court found that all debts against said estate, except the claim of plaintiff, and small claims in favor of defendants, McPherson and Chastain, had been paid; that all of said claims were valid and subsisting debts against the estate, but there was no available assets in the hands of said executor with which to pay said claims or any parts thereof; that in 1869, an administrator *de bonis non*, with the will annexed, was appointed; that said administrator never received

any assets of said estate, nor ever rendered an account, and there was no record of his having ever been cited to do so, or of his ever having been discharged as such administrator; that said lands were of more than sufficient value to pay all claims and debts against the estate; that plaintiff had no knowledge, notice, nor information of the manner in which said lands were purchased as aforesaid, nor that the same were purchased with said assets, nor the conditions of the title thereto until January, 1874, nor had any of plaintiff's assignors, ever at any time, such knowledge or notice, and plaintiff had ascertained the facts relating to said lands and the purchase thereof since January 1, 1874.

The prayer of the petition was that it be adjudged and decreed that the defendant, Samuel A. Chambers, was a mere naked trustee of the title to said lands, without any beneficiary interest therein, and that the same be charged with the payment of plaintiff's claim, etc.

The defendants demurred to the petition, and upon the hearing thereof before MR. JUSTICE GANTT, the demurrer was sustained and cause dismissed at costs of the plaintiff, who brought the same here upon a petition in error.

*J. H. Broady*, for plaintiff in error.

I.   The court had jurisdiction. The subject is one of trust and fraud—of inherent, original jurisdiction of courts of equity. The probate court has no machinery to grant relief. That court is one of limited jurisdiction, and without general equity powers, cannot touch title to lands, and consequently cannot afford relief in cases like this. *Shoemaker v. Brown*, 10 *Kan.*, 383. *Waples v. March*, 19 *Iowa*, 382. *Harlin v. Stevenson*, 30 *Id.*, 376. *Thompson v. Brown*, 4 *Johns. Ch.*, 633. 1 *Story's Eq. Juris.*, Sec. 542.

II.   The personal property which went into the land

was charged with the payment of plaintiff's claim, which was a lien thereon to be first paid. The personal property is the primary fund to satisfy debts, and creditors must exhaust it or its proceeds before they can disturb lands descended to heirs. *General Statutes*, 310, *Sec.* 176, *and* 315, *Sec.* 201. 2 *Redf. on Wills*, 865, 868. *Livingston v. Newark*, 3 *Johns. Ch.*, 312.

III. The executor was a mere trustee of said personal property, and plaintiff was *cestui que trust*. *Tiff. on Trusts*, 150, 483 *and* 718, *note* 5. *Michoud v. Girad*, 4 *How.*, 554.

IV. When the executor put the trust assets into lands, then he was a trustee of the lands, plaintiff was the beneficiary, and may subject the lands to the payment of his claim. *General Statutes*, 316, *Sec.* 208–210. *Griswold v. Frink*, 22 *Ohio State*, 79. *Baldwin v. Tuttle*, 23 *Iowa*, 67. *Cook v. Tullis*, 18 *Wallace*, 322.

A more unconscionable proceeding or wrong, which equity delights to remedy, cannot be easily imagined than the case which plaintiff charges in the petition, and which defendants, by the demurrer, admit.

V. The statute of limitations does not obtain as between trustee and *cestui que trust*. *Tiff. on Trusts*, 715–718. *Michoud v. Girad*, 1 *How.*, 560, · *Carr v. Bab*, 7 *Dana*, 417. *Bird v. Graham*, 1 *Ired. Eq.*, 196.

VI. The petition charges fraud, which plaintiff did not discover till January, 1874, and the statute of limitations does not begin to run until the discovery of the fraud. *General Statutes*, 525, *Sec.*, 12. *Carr v. Hilton*, 1 *Curtis, C. C.*, 230.

*W. T. Rogers*, for defendants in error.

LAKE, CH. J.

The defendant, by demurring to the petition, admits that all the material averments therein contained are true.   Do the facts thus admitted entitle the plaintiff to the relief which he seeks?

As to the jurisdiction of the district court, over the subject matter of the action there is no doubt.   That court is one of general jurisdiction, and its powers are ample, in all cases of fraud by executors or others holding a fiduciary relation, to compel the proper application of trust funds committed to their care.

The defendant, by his demurrer, admits that the real estate mentioned in the petition was purchased by him while occupying the responsible and confidential office of executor, and that it was paid for entirely, out of the personal assets of the estate of his testator, and the title which he still holds taken in his own individual name. This, certainly, was a most glaring fraud on his part, and one of which a creditor of the deceased, whose claim remained unsatisfied, and which ought to have been paid out of such assets, has the right to complain.   *Michoud v. Girad*, 4 *How.*, 554.

Our statute provides, and in this case it was evidently intended by the testator, that his personal property should be first applied in payment of his debts, and other lawful claims against his estate, before resorting to his real property for that purpose.

In equity, the assets which thus pass into the hands of an executor are treated as a trust fund, and held by him for the benefit of all persons interested therein, according to their relative priorities, privileges and equities.   1 *Story's Equity Jurisprudence, Sec.* 579.   And whenever it is made to appear, that there has been a misapplication of any portion of such trust fund, and it can be clearly traced into the hands of any person affected with notice of such

misapplication, the trust will he held at once to attach in favor of the person who has been wronged. *Id., Sec.* 581.

In this case we experience no difficulty in tracing the assets, nor in regard to the notice of their misapplication, for the executor admits that he paid for this land wholly out of the estate of his testator, and that he is the holder of the legal title, thereby fraudulently acquired.

I am of the opinion, therefore, that the plaintiff has an equitable lien upon this land for the payment of the money due to him from said estate.

As to the statute of limitations, on which some reliance seems to have been placed, it is well settled in courts of equity, in cases like the one under consideration, that the statute will not commence to run until the discovery of the fraud. And in this state such is the statutory rule. *General Statutes*, 525, *Sec.* 12. In this case it is expressly alleged that this fraudulent misapplication of the assets of the estate was not discovered until after the first day of January, 1874, so that, in any event, the statute did not begin to run until after that time, which was but a few days prior to commencing the action.

The judgment must be reversed, and the case remanded to the district court, to be proceeded with in accordance with the views herein expressed.

REVERSED AND REMANDED.

MR. JUSTICE MAXWELL concurred.