FREDERICK H. WEEKE ET AL., APPELLANTS, V. HENRY W.
WORTMANN, ADMINISTRATOR, ET AL., APPELLEES.

FILED OCTOBER 18, 1906.   No. 14,410.

1. **Probate Court:** APPEAL. An appeal lies from a final order or judg-
ment of a county court in probate matters to the district court,
whether such order or judgment be upon the merits or otherwise.

2. **Petition** examined, and *held* to state a cause of action for relief
against an order of the probate court alleged to have been pro-
cured by fraud and imposition.

APPEAL from the district court for Thayer county:
LESLIE G. HURD, JUDGE. *Reversed.*

*Baldwin & Torgerson, Charles H. Sloan* and *T. C.
Marshall,* for appellants.

*R. D. Sutherland* and *J. T. McCuistion, contra.*

ALBERT, C.

On the 6th day of January, 1902, Henry William Weeke died intestate in Thayer county. He left a widow and one child, a son, plaintiffs in this case. On the 11th day of January of the same year the plaintiffs and four of the defendants entered into an agreement in writing for the distribution of the estate, which is as follows: "This agreement entered into this 11th day of January, 1902, between the heirs of Henry William Weeke, deceased: Witnesseth, that the undersigned have agreed, and do hereby covenant and agree, with each other, to settle the estate of Henry W. Weeke, as follows: (1) All debts shall be paid. (2) The widow, Kathrina E. Weeke, shall receive all the household goods, $200 in cash, and one-third of the remainder of the estate. (3) Out of the remainder of the estate, Lottie Knoerenschild shall receive $200, and Frederick H. Weeke shall receive $500. (4) The state remaining after the widow shall have her portion, and the said sums have been paid Lottie Knoerenschild and Frederick H. Weeke, shall be divided into five equal parts. Mrs. Minnie Wortmann shall receive one-fifth, Herman H. Burstadt shall receive one-fifth, Lottie Knoerenschild shall receive one-fifth, Henry H. Stockham shall receive one-fifth, and Frederick H. Weeke shall receive one-fifth. In witness whereof, we have hereunto set our hands, at Deshler, Nebraska, the day and year first above written." Afterwards the other defendant was duly appointed administrator of the estate by the county court of Thayer county. On the 24th day of October, 1902, the administrator rendered a final account, which was approved and allowed on the 18th day of November, 1902, and an order of distribution was entered in accordance with the written agreement hereinbefore set out. He made distribution in accordance with such order, each distributee receipting for his share, and on the 10th day of January, 1903, was discharged from his trust. On the 9th day of February, 1905, the plain-

tiffs filed their petition in the county court, praying that the order allowing the administrator's final account, the order of distribution, and that discharging the administrator, be vacated and set aside. A demurrer was interposed and sustained, and the cause dismissed.

The plaintiffs appealed to the district court. Their petition filed in the district court alleges the death and intestacy of the decedent, plaintiff's relationship to him, and that they are his sole and only heirs at law. It also alleges the making of said agreement for distribution, the appointment of the administrator, the proceedings in the matter of said estate had in the county court and hereinbefore mentioned, and the distribution of the estate in accordance with the order of the county court. The petition also contains the following allegations:

"(10) That the plaintiff, Frederick H. Weeke, is mentally weak, easily influenced, deceived and defrauded, and is of weak mind and memory, and on or about the 11th day of January, 1902, the defendant Henry W. Wortmann, with intent to cheat and defraud this plaintiff, presented to him an agreement, marked 'Exhibit G' and made a part hereof, and falsely and fraudulently, and with the intent to cheat and defraud this plaintiff, represented to him that Minnie Wortmann, who is the wife of the defendant Henry W. Wortmann, and Herman H. Burstadt and Henry H. Stockham, who are brothers-in-law of the defendant Henry W. Wortmann, and Lottie Knoerenschild, his sister-in-law, were heirs of said estate of Henry William Weeke, deceased, and entitled to share therein, and that unless the plaintiff would sign said agreement the whole estate would be squandered and wasted in litigation, and that if plaintiff would sign said agreement, and also have said defendant Henry W. Wortmann appointed administrator of said estate, he, the plaintiff, would be greatly benefited thereby and receive $500 more than he was legally entitled to; that plaintiff, Frederick H. Weeke, believing and relying on said false and fraudulent representations, as aforesaid, was de-

ceived thereby and was fraudulently induced to sign said void agreement, without any consideration therefor, the inducements for signing said void agreement being only the aforesaid false and fraudulent representations, and that said void agreement was thereafter used by the defendant, Henry W. Wortmann, fraudulently, to induce, by fraud and deceit, the said county court to approve his final report as administrator, and said court was by said fraud and deception thereby induced on the 18th day of November, 1902, to make the order of distribution. * * * Said plaintiff was thereby defrauded of the sum of $9,000 by the said defendants, all of whom shared in the proceeds, as shown by the various receipts of the defendants, copies of which are hereto attached, marked 'Exhibit H' and made a part hereof, and that said defendants were not in fact heirs of said estate, and were not entitled to share in the proceeds of said estate, and said money was procured by fraud and deceit, and said plaintiff, Frederick H. Weeke, was wronged and defrauded thereof and thereby.

"(11) That the defendant Henry W. Wortmann, well knowing the mental weakness of this plaintiff, Frederick H. Weeke, and with intent to cheat, wrong, and defraud said plaintiff, employed one Henry Bredenbeck, who, acting under the advice and direction and on behalf of said defendant, went to the home of the plaintiff about the 24th day of November, 1902, and represented to said plaintiff that the law required him, said plaintiff, to sign a certain receipt, a copy of which is hereto attached, marked 'Exhibit I' and made a part hereof, and that he had to sign the same to get any money from said estate, and that by signing the same he would receive $500 more than he was entitled to under the laws of the state of Nebraska, all of which was false and untrue and made for the purpose of cheating and defrauding said plaintiff, and was made at the instigation and under the direction of said defendant, and for the purpose of deceiving the county judge, and to thereby obtain the approval of the

aforesaid false and fraudulent final report of Henry W. Wortmann, as administrator. In fact and in truth said plaintiff signed said receipt without any consideration, and relying upon the false and fraudulent representations aforesaid, and said receipt was used by said defendant before the county court in procuring the final order of discharge set out in 'Exhibit F,' and said order was thereby obtained from said court by fraud and deceit.

"(12) That the defendant, Henry W. Wortmann, during all the time that he was acting as administrator of said estate, and for a long time theretofore, knew that said plaintiff was mentally weak, and easily deceived, influenced and imposed upon, and the same was also known by all of the defendants, and that all of the defendants well knew that said plaintiff was the sole heir-at-law of the said Henry William Weeke, deceased, and that the defendants were none of them heirs to the said estate, or any part thereof, and that said defendants with intent to cheat and defraud this plaintiff, in the manner aforesaid, conspired together, and were each and all of them instrumental in perpetrating said fraud and in sharing in the proceeds thereof.

"(13) That the plaintiff Frederick H. Weeke had no knowledge of said fraud until within the last six months prior to the commencement of this suit in the county court."

They also tendered an answer to the defendant administrator's petition for discharge, setting forth substantially the same matters as those alleged in their petition for the vacation of the orders of the county court. The defendants demurred on three grounds: (1) That the facts stated are insufficient to constitute a cause of action; (2) that the court had no jurisdiction of the subject matter; and (3) that it had no jurisdiction over the person of the defendants. The demurrer was sustained, and the plaintiffs electing to stand on their petition, judgment was given for the defendants. The plaintiffs appeal.

Neither the petition nor any other part of the record

shows upon what grounds the defendants, who entered
into the agreement with the plaintiffs for a distribution
of the estate, claimed any portion thereof. But some
light is thrown on this question by the brief filed in their
behalf, from which it appears that the wife of the de-
ceased, who is one of the plaintiffs in the case, had mar-
ried twice before she married the deceased, and had chil-
dren by both former husbands; that upon her marriage to
the deceased her children by her former husbands were
taken into his home and brought up as members of his
family, and they and the plaintiff, Frederick H. Weeke,
the one child of the deceased, were raised together as
brothers and sisters. It is also stated in the brief referred
to that upon the marriage of the deceased he appropriated
all the property left by the former husbands of his wife,
and that the estate left by him includes the estates of the
former husbands. But, as before stated, these things are
not matters of record, and we refer to them merely as
offering an explanation of the somewhat extraordinary
state of facts set forth in the petition.

We think the petition states a cause of action in favor
of the plaintiff, Frederick H. Weeke. It shows that the
plaintiffs are the sole and only heirs at law of the de-
ceased; that the order of distribution made by the county
court was based on the written agreement entered into
between the plaintiffs and four of the defendants, where-
by the latter were allowed to share as heirs in the distri-
bution of the estate; that the defendant administrator, in
pursuance of a conspiracy to which all the defendants
were parties, and for the purpose of inducing the plain-
tiff, Frederick H. Weeke, to enter into said agreement,
falsely and fraudulently represented to him that the
other defendants were joint heirs with said plaintiff and
entitled to share with him in the distribution of the
estate; that said plaintiff was weak minded and, in conse-
quence, easily influenced; that relying on the said false
and fraudulent representations, and believing them to
be true, said plaintiff was thereby induced to enter into

the agreement in question; that he did not discover that said representations were false until about six months before the commencement of this suit. The foregoing facts stand admitted by the demurrer and in view of the defendants' claim that those of them who had joined in the agreement had been brought up under the same roof with the plaintiff, Frederick H. Weeke, his charge that he relied upon the representations and believed them to be true is not inherently improbable. Those facts standing admitted, it is clear that the orders of the county court, based upon the agreement and obtained in the manner charged, were procured by fraud practiced by the defendants, and entitle Frederick H. Weeke to relief.

It is contended that the district court acquired no jurisdiction of the subject matter on appeal from the judgment of the county court. If we understand the argument on this point, it involves the proposition that an appeal will not lie from the judgment of a county court rendered in a matter within its exclusive original jurisdiction unless there has been a hearing upon the merits, and that error is the exclusive remedy in such case. We do not think there is any authority for that proposition. While the constitution gives county courts exclusive original jurisdiction in probate matters, section 17, art. VI, provides: "Appeals to the district courts from the judgments of county courts shall be allowed in all criminal cases on application of the defendant; and in all civil cases, on application of either party, and in such other cases as may be provided by law." Section 42, ch. 20, Comp. St., provides: "In all matters of probate jurisdiction, appeals shall be allowed from any final order, judgment, or decree of the county court to the district court by any person against whom any such order, judgment, or decree may be made, or who may be affected thereby." The constitution certainly authorizes the foregoing section, and the only condition precedent to an appeal, according to this section, is a final order, judgment, or decree, without regard to whether the hearing

was upon the merits or .otherwise. As to the jurisdiction of the district court over the person of the defendants, as we have seen, it had jurisdiction of the subject matter. The defendants entered a general appearance. Our attention has not been called to anything that was lacking to give the court complete jurisdiction over the person of defendants. A considerable portion of the argument in this case is based on matters entirely outside the record. We cannot go into such matters. The point we decide is that the petition states a cause of action in favor of the plaintiff, Frederick H. Weeke, and against the defendants, and that the demurrer thereto was erroneously sustained.

It is recommended that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.