IN RE ESTATE OF WILLIAM W. WILSON.
STEPHEN E. COZAD, ADMINISTRATOR, ET AL., APPELLANTS, V. CORA M. HIBNER, EXECUTRIX, APPELLEE.

FILED OCTOBER 30, 1915. No. 18830.

1. Executors and Adminstrators: FINAL ACCOUNT. Although notice has been given of final settlement of an estate in probate, and orders are made thereon determining the heirs and fixing their interests and adjusting certain uncontested items of the administrator's account, ordors so adjusting items of the account will not be regarded as final, if the administrator is not discharged, and additional collections and disbursements by him are required and a further report necessary.

2. ———: APPEAL: MODIFICATION OF JUDGMENT. An item of charge, $511.72, against the administrator by our former decision (97 Neb. 780), is found to be erroneous, and our judgment is corrected accordingly.

REHEARING of case reported in 97 Neb. 780. *Reaffirmed as modified.*

SEDGWICK, J.

After our former opinion in this case (97 Neb. 780) a rehearing was allowed, and in additional briefs and further oral argument it was contended that the order of the probate court of January, 1906, on the report of the administrator was a final decree, and not merely interloc-

In re Estate of Wilson.

utory as held in our former opinion. The argument is that, as notice had been given of final settlement of the estate, the order at such hearing must be final in all particulars. But the effect of the order must be determined from the order itself, and it does not purport to be a final adjudication of the accounts of the administrator. The items of his general accounts now in question were not contested by these parties and specifically determined upon that hearing. The administrator was not discharged. It provided that the administrator should transact further business as such administrator, receive and pay out funds, and "upon making a report of his doings under this decree, with receipts attached from said heirs and filing the same in this court as final vouchers for the balance of the money so paid out, and upon approval by the court of his said report, that said administrator will be discharged from his said trust and his bondsmen released from further liability." This was not a final decree as to the accounts of the administrator.

In our former opinion it was said: "In the supplemental report of 1911, which was duly appealed from, the court allowed the administrator fees for attorneys employed by him in the contest between himself and the estate." It was considered that such attorneys' fees ought not to have been allowed the administrator, and a part of the modification of the judgment of the district court was to add to that judgment $511.72 on account of such attorneys' fees improperly allowed. It is contended upon the rehearing that this item was not allowed in the district court, and we do not understand that the plaintiff contends that, in fact, the district court did allow this item. It was therefore an error to add that amount to the charges against the administrator as fixed by the district court, and our former judgment is modified accordingly. In all other respects our former judgment is adhered to.

REAFFIRMED AS MODIFIED.

LETTON, J., took no part in the decision.

HAMER, J., not sitting.