EDWARD A. WUNDER, ADMINISTRATOR, APPELLEE, v. GEORGE F. CRANE ET AL., EXECUTORS, APPELLANTS.

FILED DECEMBER 9, 1916. No. 18955.

1. Executors and Administrators: TRUST FUNDS: JURISDICTION. The district court has jurisdiction over executors and others holding a fiduciary relation, and may compel the proper application of trust funds committed to their care.

2. ———: ACCOUNTING. Accounting made by the trial court reviewed, found to be sustained by the evidence, and is adopted by this court as a proper finding of the amount due.

APPEAL from the district court for Jefferson county: LEANDER M. PEMBERTON, JUDGE. *Affirmed.*

*F. L. Rain* and *Heasty & Barnes,* for appellants.

*John C. Hartigan* and *Edward A. Wunder, contra.*

BARNES, J.

This was an action in the district court for Jefferson county by the administrator of the estate of Jeannette Van Orsdol against George F. Crane, sole surviving executor of the estate of W. S. Van Orsdol, deceased, and George F. Crane and George A. Vinton, executors of the estate of Cora Van Orsdol, deceased, to recover three-eighths of the estate of W. S. Van Orsdol. The cause was tried to the court without a jury, and the result of the trial was a judgment for plaintiff and against defendants for the sum of $4,877.72. The defendants have appealed.

The record shows that on October 31, 1906, W. S. Van Orsdol, a resident of Jefferson county, made a will by which he bequeathed to his daughter Minnie $3,000, and devised the remainder of his estate to his wife, Cora Van Orsdol. After his will was made, a daughter was born to him, who was named Jeannette, and who was about 17 months old at the time of his death. No provision was made for the daughter Jeannette by will or otherwise. After Van Orsdol's death, his will was probated by the county court of Jefferson county and his estate was distributed by the order of that court. Minnie was paid the $3,000, bequeathed to her by the will, and the remainder of the estate was turned over to George F. Crane and deceased's wife, Cora, who were the persons named as executors of the will, and was converted to their use. At the time of Van Orsdol's death, his estate consisted of his share as a partner of the firm of Van Orsdol & Crane, and a note for $3,050, bearing interest at 5 per cent., signed by his partner, Crane. On March 30, 1910, the executors were discharged by the order of the probate court, and on April 18, 1910, the mother of Jeannette died. George F. Crane and George

A. Vinton were appointed and qualified as executors of the widow's estate. On August 4, 1913, Edward A. Wunder was appointed and qualified as administrator of the estate of Jeannette, who had died a short time before that date.

It is conceded on all sides that Jeannette's estate was entitled to three-eighths of the estate of her deceased father, but appellants contend that the district court had no jurisdiction in this action against defendants to recover her share of the estate as a trust fund which had been converted under the proceedings above set forth. In *Blake v. Chambers*, 4 Neb. 90, it was held that the district court had jurisdiction over executors and others holding a fiduciary relation, and might compel a proper application of trust funds committed to their care. The same rule was announced in *McGlave v. Fitzgerald*, 67 Neb. 417, *Adams v. Dennis*, 76 Neb. 682, *Coleman v. McGrew*, 71 Neb. 801, and *Prusa v. Everett*, 78 Neb. 250. We therefore hold that the district court had jurisdiction, and appellants' contention on this point cannot be sustained.

It is appellants' second contention that the amount found due plaintiff was excessive, and the evidence was insufficient to sustain the finding and judgment of the trial court. On the other hand, the appellee contends that the recovery was insufficient, and he claims a larger amount. That court made an accounting, which we find in the record, and, after a careful examination of it, we conclude that said accounting was fairly made, and the evidence is sufficient to sustain the judgment.

The judgment of the district court is therefore

AFFIRMED.

ROSE and SEDGWICK, JJ., not sitting.