IN RE ESTATE OF L. A. HANSEN.
J. A. BALLANTYNE ET AL., APPELLEES, V. THOMAS A. HANSEN ET AL., APPELLANTS.

FILED NOVEMBER 7, 1928. No. 26063.

*Lyle E. Jackson, Williams & Kryger* and *J. A. Donohoe,* for appellants.

*Mapes, McDuffee & Mapes, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, and EBERLY, JJ., and REDICK, District Judge.

GOSS, C. J.

This is an appeal by the executors from a judgment of the district court. The cause had been appealed by certain creditors of the estate from the county court to the district court. The executors had ineffectually moved in the district court to dismiss the appeal from the county court. The matters in controversy were thereupon tried on the merits. On appeal here they were so argued, but

the executors also raised the question of the jurisdiction of the district court to consider the appeal. They base their objection to the jurisdiction on the ground that the order of the county court was not a final order and was not appealable.

We think it unnecessary to state the facts further save as they serve to illuminate the making of the order in the county court.

An order barring claims was entered October 14, 1922. On June 5, 1923, the executors filed a detailed report of the receipts and expenditures to that date, showing, among other things, the payment of interest on mortgages on real estate, the payment of taxes, and payments made to the widow on account of her allowance. On November 23, 1925, the executors filed another report of their receipts and disbursements and petitioned the county court for a final settlement. This was set for hearing on December 21 and notice thereof was published. J. A. Ballantyne and Security Bank of Meadow Grove filed detailed objections to the report of the executors, as did also the Tilden National Bank, challenging expenditures of certain items shown in the report. Issues were joined by a reply to the objections filed by the executors. The matter was not tried by the county court until the 21st day of February, 1926, was taken under advisement by the court until the 19th of March following, whereupon the county court made the journal entry (under consideration here) with detailed findings of fact as to the contested items, and then concluded with an order relating to the estate. This order is particularly important in the consideration of the case now before us. The entire order portion in the journal entry last above referred to is as follows:

"It is therefore considered, ordered and adjudged that this estate be not closed until certain supplemental proceedings be had as follows, to wit: First, that the executors collect from Horace Marshall the sum of $247.00, and, if necessary, shall commence suit in the district court of Antelope county, Nebraska, to recover the same. Second, they shall

upon ten days' notice, by posting five typewritten notices in the City of O'Neill, Nebraska, sell at public auction at O'Neill, Nebraska, the said Oakland Sedan and report the same to this court. Third, that they shall account for and pay into the estate's funds the sum of $44.25, costs in the district court proceedings; that subject to the above modifications the report of the executors is hereby approved; and this estate proceeding is continued to the 26th day of May, 1926, at 10 o'clock a. m. for further decree after receiving the supplemental report herein required of said executors."

It is not deemed advisable to discuss the particular items of the accounts of the executors which were revised by the district court because of the question of jurisdiction of the district court to hear the appeal from the county court. This question, if not raised by the motion to dismiss the appeal from the county court, was raised in the brief and argument of appellants here. This suggests a consideration of our statutes relating to reviews and final orders.

Section 1471, Comp. St. 1922, reads as follows: "In all matters of probate jurisdiction, appeals shall be allowed from any final order, judgment or decree of the county to the district court by any person against whom any such order, judgment or decree may be made or who may be affected thereby."

Section 9127, Comp. St. 1922, says: "A judgment rendered, or final order made, by a county court, justice of the peace or any other tribunal, board or officer exercising judicial functions, and inferior in jurisdiction to the district court, may be reversed, vacated or modified by the district court."

Section 9128 defines a final order in the following words: "An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in

an action after judgment, is a 'final order' which may be vacated, modified or reversed, as provided in this chapter and chapter 19."

In *In re Estate of Wilson*, 97 Neb. 780, it was held: "Orders of the probate court adjusting or correcting accounts of an administrator, made while he is acting as such administrator, are interlocutory and not final until his discharge as administrator and final settlement of his accounts upon such discharge." In the course of that opinion this language was used: "We have observed no final order of the court discharging the administrator, and while he was serving as administrator orders of the court upon his accounts as such administrator were interlocutory only and not final orders. *Bachelor v. Schmela*, 49 Neb. 37. The county court, therefore, had complete jurisdiction over the accounts of the administrator until his final discharge." Later a rehearing was ordered in that case and the opinion thereon is found in 98 Neb. 852. The case was reaffirmed as modified, the modification being unimportant here. The syllabus says: "Although notice has been given of final settlement of an estate in probate, and orders are made thereon determining the heirs and fixing their interests and adjusting certain uncontested items of the administrator's account, orders so adjusting items of the account will not be regarded as final, if the administrator is not discharged, and additional collections and disbursements by him are required and a further report necessary."

An inspection of the whole journal entry from the county court in the case before us shows that it contains no findings of heirship and no determination of matters usually decreed on the settlement of final account and distribution of an estate, but that it deals entirely with the accounts theretofore filed, the items thereof and the objections of the creditors named. That part of the entry which we have quoted as containing all of the order and judgment shows on its face that the executors are required yet to do

certain specified things in the way of selling personal property, bringing a suit, if necessary, against one of the creditors who was erroneously overpaid, and by themselves paying into the estate a certain item of costs. The order expressly continues the proceedings to a later date for further decree. It is true that it provides "that subject to the above modifications the report of the executors is hereby approved" but that does not make the order final, for the reason that, so long as the county court retained jurisdiction and held the estate open for further decree, the order approving the report of the executors was subject to change and modification. The order in no sense meets the requirements of the statutes and of *In re Estate of Wilson,* 98 Neb. 852. It was interlocutory and, to paraphrase the language in the case just cited, the county court, therefore, had complete jurisdiction over the accounts of the executors until the court should make an order for their final discharge. It follows that, if the county court had complete jurisdiction over these accounts, the order appealed from was interlocutory and the district court did not obtain jurisdiction of the appeal.

As applied to the history of the instant case, we may state the rule to be that an order of the county court approving items of the accounts of an executor will not be regarded as final, if at the same time it does not discharge the executor but requires of him further collections and a further report and continues the proceedings to a future date for a further decree upon the filing of such supplemental report.

It may be claimed by the appellees here that the motion to dismiss the appeal in the district court was ineptly framed to cover that point. Even assuming that to be true, it may be stated as fundamental that, where a judicial tribunal has no jurisdiction of the subject-matter, its proceedings are void. An objection to the jurisdiction over the subject-matter may be raised at any stage of the proceedings. It may be raised for the first time on appeal.

7 R. C. L. 1042. The jurisdiction of the district court over the suject-matter could arise only on appeal from a final order in the county court. Under the statutes and our holdings the order sought to be appealed from was not a final order. The district court had no jurisdiction to consider the merits and should have declined so to do. Its review of the action of the county court and its judgment in the premises was void.

The judgment of the district court is reversed, with instructions to dismiss the appeal from the county court and to require such dismissal to be certified to the county court.

REVERSED.