IN RE ESTATE OF THEODORE R. FRERICHS.
RICHARD F. FRERICHS, EXECUTOR, APPELLANT, V.
L. RAYMOND FRERICHS, APPELLEE.

FILED DECEMBER 5, 1930. NO. 27615.

*Pitzer & Tyler* and *Lloyd E. Peterson,* for appellant.

*Edwin Moran, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

GOSS, C. J.

This appeal was presented to this court as a case stated, under rule 9 of this court. The practice is commended. It is not only an advantage to the parties, because it al-

lows an advancement for speedy hearing, but is a distinct aid to counsel and particularly to the court, in that the case stated by agreement of the parties is, under this rule, printed in appellant's brief.

Theodore R. Frerichs died testate in Otoe county, April 8, 1928. His will was duly probated. Richard F. Frerichs, one of his sons, was named in the will as executor and he qualified and acted as such. He was also named in the will as trustee for certain legacies and distributive shares of estate property bequeathed to him in trust. One of these trust bequests was for one-third of the residue bequeathed in trust for L. Raymond Frerichs, the minor son of the testator. The trust was to continue until the minor should reach the age of twenty-six, with a devise over to two other sons if the minor should die without issue within that period. The minor's interests have been cared for in the county court, in the district court and here by a guardian *ad litem*.

At the completion of the administration of the estate, the executor, Richard F. Frerichs, submitted with his final report the receipt of Richard F. Frerichs, trustee, for the property going to him as trustee under the will. All of the property was personal and aggregated about $19,500. The guardian *ad litem* objected to the discharge of the executor without the trustee giving bond for the faithful performance of the trust and without a requirement that the trustee be held accountable to the county court during the continuance of the trust. It was agreed that the estate was solvent and was fully settled except for the establishment or turning over of the trust.

The facts relating to the trust are shown by one paragraph of the will:

"Sixth. Of the residue and remainder of the property of my estate, I give, devise and bequeath a one-third share thereof each to my sons Richard F. Frerichs and T. Sterling Frerichs. The other one-third share of said residue I give, devise and bequeath to my son Richard F. Frerichs, as trustee, however, in trust for these purposes and with these powers, to wit:

"To receive the same from himself as executor of my estate at the termination of regular administration thereof, or not later than one year from the time of my death if such administration continues longer, and to hold, manage and control the same with full power to sell and convey the whole or any part of said property and to keep the same invested safely and securely for the production of the most income consistent with security; and to pay all net income received therefrom annually, or oftener if preferred, to my wife M. Anna Frerichs until my son L. Raymond Frerichs reaches the age of twenty-six years, thereby to insure the comfortable maintenance of my wife and said son during said time and to provide for his education. Should my wife's death occur before my son L. Raymond Frerichs reaches the age of twenty-six years, this trust shall nevertheless continue to the same time, in which case my said trustee shall pay said income or such part thereof as may be needed to or for the benefit of my son L. Raymond Frerichs; but subject to this further condition, that should my said son L. Raymond Frerichs die before reaching the age of twenty-six years leaving no issue surviving him, all of said property so held for him shall at that time pass to and vest in my two sons Richard F. Frerichs and T. Sterling Frerichs in equal shares; and shall then be distributable to them, subject only to the trusts in the preceding paragraphs of this will."

The county court held that, the testator not having required a bond of the trustee and no showing of changed conditions having been made, it was not necessary for the trustee to give bond, and that the county court did not have jurisdiction to administer the trust estate. On appeal by the guardian *ad litem,* the district court found that the naming of the trustee in the will was in the nature of the appointment of a testamentary guardian, and that section 1586, Comp. St. 1922, applies; and ordered the county court to require a bond of the trustee for 125 per cent. of the gross value of the trust estate, and that the trustee take oath and administer the trust estate under

orders of the county court. The executor was denied his discharge except on these conditions.

Section 1586, Comp. St. 1922, provides that a surviving parent may, by will, appoint a testamentary guardian of a minor. But the record here shows (1) that the testator was not the surviving parent, and (2) that the trust established by the will was to continue until the beneficiary became twenty-six years of age, or five years beyond his majority. Both of these conclusions of fact indicate that this was not a testamentary guardianship and that section 1586 is not applicable.

Under the Constitution of Nebraska county courts "shall have original jurisdiction in all matters of probate, settlement of estates of deceased persons, and in such proceedings to find and determine heirship; appointment of guardians and settlement of their accounts; and such other jurisdiction as may be given by general law." Const. art. V, sec. 16. The general law provides for the civil and probate jurisdiction of county courts. It gives to the county court exclusive jurisdiction over probate of wills, administration of estates, and guardianships. It requires executors, administrators and guardians to exhibit and settle their accounts and to "account for the estates and property that have come into their possession as such." Comp. St. 1922, secs. 1128, 1129, 1130.

We are cited no special statute, and we find none, extending the jurisdiction of the county court over an express trust, definitely and clearly stated, as this one is, so as to attach to it terms and conditions not stated by the testator when he created the trust and so as to require supervision by the county court during the life of the trust.

In discussing jurisdiction of probate courts as limited to devolution of property, Woerner says: "So the probate court has no jurisdiction of questions between trustee and beneficiary, or to compel an accounting between a testamentary trustee and the *cestui que trust*. * * * The jurisdiction of the probate court ceases, when an executor, who is also trustee, has made his final settlement. * * * In some states, however, statutes confer continuing ju-

risdiction on probate courts over testamentary trusts to some extent. * * * Statutes providing for settlements by trustees in probate courts refer only to express trusts created by will. Independently of statute, as we have seen, probate courts possess no original chancery powers, although they may apply equitable principles in matters within the scope of their jurisdiction." Woerner, American Law of Administration (3d ed.) sec. 151.

Under the subject of "Trusts," edited by Frank Irvine, it is said: "In a proper case, the court may, by virtue of its inherent chancery jurisdiction over trust estates, require the execution of a bond for the faithful administration of the trust. It is optional with the creator of the trust to require a bond or not, and a trustee should not be called on for security when the creator of the trust required none of him and no probability of loss is shown. * * * Testamentary trustees are now quite generally required by statute to give bonds." 39 Cyc. 254, 255. ·

The proposition that a trustee need not be called upon to give security unless upon a probability of loss, when the creator of the trust had required no security, is supported by the following cases: *Berry v. Williamson,* 11 *B. Monroe* (Ky.) 245; *Holcomb v. Coryell,* 12 N. J. Eq. 289; *Gaither's Guardian v. Gaither,* 213 Ky. 330.

It was argued at the bar that, if it should be held that the trustee is, in the circumstances, not required to give a bond, as a condition of turning over the trust funds, but it should appear thereafter that loss might be anticipated or result from his trusteeship, then there would be no way in which the rights of the *cestui que trust* could be protected, at least during the remaining year or so of his minority. This court has frequently held that "A court of equity has jurisdiction to enjoin a trustee from the misappropriation of trust funds at the suit of a *cestui que trust.*" *Coleman v. McGrew,* 71 Neb. 801; *Wunder v. Crane,* 100 Neb. 446; *Blake v. Chambers,* 4 Neb. 90; *Adams v. Dennis,* 76 Neb. 682. Section 8531, Comp. St. 1922, is the authority of the Code to the effect that the action on

behalf of an infant may be brought by his guardian or next friend.

The testator, who was sufficient of a man of business to accumulate considerable property in a small town and to preserve it in unusual form for these times, chose one of his sons to be the executor of his will and to be the trustee of a portion of the estate for another son. Presumed to know that a bond was not demanded by the law for the faithful performance of the responsibility of the trustee, the testator, by the terms of the will, exacted none. We therefore must assume that he had great confidence in the business ability and integrity of the trustee. In the county court and in the district court no charge was made, nor was there any suggestion here, that any probable loss might occur if the trustee gave no bond. Had there been such a showing in the county court, there might have been a different order there; for, while that court has exclusive original jurisdiction of estates, yet "In exercising that jurisdiction it may incidentally determine equitable questions, but the county court has no general equitable jurisdiction." *In re Estate of Wilson,* 97 Neb. 780. The legal title to the trust property was bequeathed to the trustee. Save on such equitable grounds as might incidentally be considered in that court in relation to his fitness, the county court could neither add to nor take from what the will gave him. To say otherwise would logically lead to the conclusion that every trust for a minor must come under the probate jurisdiction of the county court. Under the Constitution, that is a matter for the legislature, and not for the courts. We are of the opinion that the trust was fully established, that the receipt presented by the trustee was proper, that the record shows no right to exact a bond from the trustee, and that the county court correctly decided the issues presented.

For the reasons given, the judgment of the district court is reversed and the cause remanded, with directions to enter judgment in conformity with this opinion and to certify the same to the county court.

REVERSED.