IN RE ESTATE OF HENRY SCHUTTE, DECEASED.
WALTER EDEN ET AL., APPELLANTS, V. CECIL ASA, ALLEGED CONSERVATOR, APPELLEE.
CONSOLIDATED FOR TRIAL WITH IN RE CONSERVATORSHIP OF WILHELMINE SCHUTTE.
WALTER EDEN, AS AGENT OF WILHELMINE SCHUTTE, ET AL., APPELLANTS, V. CECIL ASA, APPELLEE.
134 N. W. 2d 600

Filed April 16, 1965. No. 35879.

Harvey A. Neumeister, William L. Walker, and Earl Ludlam, for appellants.

Moran & James, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

BROWER, J.

This appeal concerns two separate orders made by the county court of Otoe County, Nebraska. Both orders were entered on September 11, 1963, but they were made in separate proceedings. One was entered in "In the Matter of the Estate of Henry Schutte, Deceased." It was an order directing Walter Eden, administrator with the will annexed of the estate of Henry Schutte, to forthwith turn over any and all assets belonging to Wilhelmine Schutte to Cecil Asa, conservator of her estate, and take his receipt therefor. From this order Walter Eden appealed to the district court for Otoe County, Nebraska, where it was designated as case No. 15504.

The other order was entered in "In the Matter of the Conservatorship of Wilhelmine Schutte," directing Harvey A. Neumeister and Walter Eden to surrender any assets belonging to Wilhelmine Schutte by virtue of the estate of Henry Schutte or belonging to Wilhelmine Schutte personally, to Cecil Asa, conservator, and take his receipt therefor. From this order Walter Eden and Harvey A. Neumeister appealed to the district court for Otoe County, Nebraska, where the case was docketed as No. 15505. At times the various parties will be designated by their last names.

The district court in case No. 15504 with respect to the order in the matter of the estate of Henry Schutte, Walter Eden, individually and as agent and administrator, and Wilhelmine Schutte joined as plaintiffs in a petition. It set out the appointment of Cecil Asa as conservator; alleged his dismissal and the termination of his appointment by Wilhelmine Schutte of which he had notice; and that he was possessed of some of the property of Mrs. Schutte for which he failed to account to the county court, to Mrs. Schutte, or to her agent, Walter Eden. Its prayer was that the order of the county court be vacated; that the court determine Asa is not conservator; that all of the property of Mrs. Schutte in his possession be accounted for and delivered to Eden, her agent; and for other just relief.

In district court in case No. 15505 concerning the order made in the conservatorship, Wilhelmine Schutte, Walter Eden as agent, and Harvey A. Neumeister joined in a petition as plaintiffs with substantially the same allegations with respect to the appointment and alleged removal by Mrs. Schutte of Asa as conservator. It further alleged that the order of the county court directing Neumeister and Eden to surrender the property belonging to Mrs. Schutte was made without a hearing or notice to them. The prayer asked the same relief as against Asa and such other relief as the petitioners were entitled to.

In both proceedings Cecil Asa answered, alleging his appointment and his taking possession of certain property of Mrs. Schutte as it became available to him; that he has been ready, willing, and able to account to the county court and has never refused to do so; and that the order of the court in the estate proceedings was made in response to the application of the administrator for direction as to disposition of the assets made January 7, 1963. The other allegations were traversed by denial.

The two cases were consolidated for trial in the district court for Otoe County. At the conclusion thereof the district court found that the orders in both proceedings in the county court were proper orders and approved and affirmed them in each case. Separate motions for new trial being overruled, those joining as plaintiffs in the district court have appealed to this court where again the cases have been consolidated.

There is little dispute as to the facts that are essential to our determination of the case.

In the estate of Henry Schutte, deceased, which pended in the county court of Otoe County, Walter Eden was appointed administrator with the will annexed, letters being issued to him on December 17, 1957. He filed an inventory in the county court showing personal assets in the sum of $17,220 and no real estate. The decree on inheritance tax, however, shows there was jointly held real estate valued at $59,855. This real estate came to Mrs. Schutte as surviving joint tenant. On December 27, 1962, the county court entered a final decree finding that the claims and taxes were paid; that all the property of the estate passed under the decedent's will to Wilhelmine Schutte to whom distribution was ordered; and that upon filing proper receipts, the administrator be discharged. On January 3, 1963, the administrator filed an application reciting that the widow and legatee was now of old age and under an inability to handle property and necessary affairs and that depositions of the doctors were to the effect that she was incompetent.

He requested an order as to disposition. At that time an application to appoint a guardian for Mrs. Schutte was pending which was later dismissed. Later the administrator filed a report sworn to July 29, 1963, the filing date not being shown. It stated that he had been appointed in writing agent of Wilhelmine Schutte, that he was filing receipts for the cash balance and personal property, and asked to be relieved of further liability on his bond. On September 6, 1963, receipts were filed by Eden as agent for Mrs. Schutte. On September 11, 1963, the county judge entered and filed the order hitherto mentioned directing the administrator to transfer the assets of the estate to Cecil Asa, conservator.

In the proceedings involving the conservatorship of Wilhelmine Schutte, an application was filed by Mrs. Schutte dated January 8, 1963, which stated that because of old age and general infirmities she was unable and unfit to manage her estate, nominating and requesting Walter Eden to be appointed conservator of her estate. On January 16, 1963, Mrs. Schutte filed a statement which nominated Cecil M. Asa as such conservator. On January 16, 1963, Asa was appointed conservator. He subsequently filed his oath and bond, and later an inventory of assets collected by him in which it was alleged that he believed Harvey A. Neumeister, as agent, and Walter Eden, as administrator of the estate of Henry Schutte, had property belonging to Mrs. Schutte which was not accounted for in the inventory. On July 8, 1963, a document dated June 29, 1963, and signed by Mrs. Schutte was filed in which she stated that she dismissed and discharged Cecil Asa as her conservator and requested he account for all her property in his possession to Walter Eden whom she appointed as her agent to act with respect to all her property. On July 26, 1963, another document was filed, likewise signed and acknowledged by Mrs. Schutte, requesting the court to disregard the dismissal of Asa as conservator. It confirmed his appointment and revoked the appointment of Eden as

her agent. On August 23, 1963, a third document signed by Mrs. Schutte, dated August 20, 1963, was filed in which she stated she did not understand the document signed July 26, 1963, reappointing Asa. This again dismissed Asa and reappointed Eden as her agent. On September 11, 1963, the county court, without giving notice to either of them, entered the order hereinbefore mentioned directing Neumeister and Eden to surrender any assets or property belonging to Mrs. Schutte to Cecil Asa, conservator.

It was stipulated that Cecil Asa had never been discharged as conservator by the court. Asa had received notification of the purported discharge by Mrs. Schutte in each instance after she had executed them and demands had been made upon him to turn the assets over to Eden as agent. In turn Asa had notified Neumeister and Eden to deliver the assets to him as conservator. It was further stipulated that Mrs. Schutte had made no request to the county judge to direct Asa to make an accounting or report and the court had made no such request to Asa. It is shown that Mrs. Schutte, by letters signed by herself and Neumeister, had directed bills for certain current expenses be sent to Eden as her agent, and that directions were sent by her and Neumeister as her attorney to certain elevators and the A.S.C. office to pay any and all checks derived from crops on her farms to Eden.

Those appealing from the orders of the county court filed petitions in district court, designating themselves as plaintiffs. Cecil Asa, as conservator, answered as a defendant. The parties will be referred to hereafter in the same manner.

The errors asigned to the trial court that are required to be considered will be stated as they are discussed.

Plaintiffs contend the trial court erred in affirming the orders of the county court since the orders were entered against them without notice to them and without a hearing. It is argued by the plaintiffs that the county court had no jurisdiction over the persons of the plain-

tiffs because of the lack of such notice. We think it is only necessary to point out that the plaintiffs in each proceeding in district court filed petitions in which they asked that court to determine that Cecil Asa was not a conservator of the estate of Mrs. Schutte and that the property in his possession be ordered delivered to Walter Eden as her agent. "A general appearance in a cause vests the court with complete jurisdiction of the person of the defendant appearing. * * * Where the trial court has jurisdiction of the subject matter in dispute and parties enter a general appearance and invoke the decision of the court on the merits of the controversy, in the absence of error being made to appear upon the record, the judgment will be upheld." Burke Lumber & Coal Co. v. Anderson, 162 Neb. 551, 76 N. W. 2d 630. See, also, Dredla v. Baache, 60 Neb. 655, 83 N. W. 916.

Concerning the order made in the matter of the estate of Henry Schutte, the plaintiffs therein seem to contend that the court had no power or authority to enter an order directing the administrator to transfer the assets to the conservator although they also again assert the lack of notice or order to show cause. It appears from the record that a final decree was entered in said estate on December 27, 1962, which recites the giving of all proper notices. It found Wilhelmine Schutte to be the sole beneficiary under the decedent's will and that upon filing proper receipts the administrator was to be discharged. Without having filed receipts, the administrator on the 3rd of January 1963, executed and thereafter filed an application for direction as to the disposition of the assets because of Mrs. Schutte's possible incompetence there alleged. Meanwhile, a conservator of her estate had been appointed by the county court. The conservator requested the administrator to deliver the assets of the estate to him. Eden, as administrator, thereafter without having received any direction which he had requested from the county court, filed receipts for the assets of the estate on September 6, 1963.

They were signed Walter Eden as agent for Wilhelmine Schutte. On September 11, 1963, the county court entered the order directing the transfer of the assets to the conservator of Mrs. Schutte's estate. In the case of In re Estate of Statz, 144 Neb. 154, 12 N. W. 2d 829, this court said: "* * * the county court has exclusive original jurisdiction of all matters relating to the settlement of the estates of deceased persons. * * * Such jurisdiction and authority of the county court continue until the executor or administrator has fully complied with all its judgments, orders, and decrees and the estate has been placed in the possession of those to whom it devolves. In re Estate of Wilson, 98 Neb. 852, 154 N. W. 717; In re Estate of Hansen, 117 Neb. 551, 221 N. W. 694; * * *." Also, it has been held: "A litigant who has invoked the jurisdiction of the court upon a matter of which it has power to take cognizance cannot thereafter object thereto." In re Estate of Nilson, 126 Neb. 541, 253 N. W. 675. The contentions of the plaintiffs that would deny the power of the probate court under the circumstances to review and direct the final disposition of the assets of the estate by the administator are without merit.

The plaintiffs in the appeal from the order in the conservatorship assert the district court erred in affirming the order and judgment of the county court. Their objection as to the jurisdiction over the persons of the plaintiffs was again asserted and has hitherto been considered and decided adversely to their contentions. They do not expressly raise the question of the jurisdiction of the county court over the subject matter but the question may be inferred from the briefs of the parties. Inasmuch as this court itself examines the record to justify its jurisdiction, we will consider this question in the light of the record and the order made. In county court Wilhelmine Schutte filed documents purporting to discharge the conservator and directing him to account for and deliver her property to her agent, Walter Eden, appointed therein. The county court was directly con-

fronted with a challenge to the power and authority both of the court and the conservator whom it had appointed. It made an order directing Neumeister and Eden to surrender any property or assets belonging to Wilhelmine Schutte by virtue of the estate of Henry Schutte or belonging to her otherwise. The ownership of the property was not in dispute. The whole dispute was with respect to whether the agent or the conservator was the proper fiduciary to handle the property of Mrs. Schutte. No money judgment, or order for the payment of money, or the delivery of particularly described assets was entered. It would seem the order was in the nature of a declaratory judgment which adjudicated the rights of the conservator as against those claiming to be the agents of Mrs. Schutte with respect to the management of her property. It was precipitated by the appearance of Mrs. Schutte and her asserted dismissal of the conservator and the appointment of Eden as her agent. In the case of In re Estate of Jurgensmeier, 142 Neb. 188, 5 N. W. 2d 233, this court said: "By the terms of the Constitution, county courts are constituted 'courts of record, and shall have original jurisdiction in all matters of probate, settlement of estates of deceased persons,' etc. Const. art. V, sec. 16. See Weeke v. Wortmann, 77 Neb. 407, 109 N. W. 503; State v. O'Connor, 102 Neb. 187, 166 N. W. 556; Genau v. Roderick, 4 Neb. (Unof.) 436, 94 N. W. 523.

"Under this constitutional provision we are committed to the view: 'Under the Constitution (art. V, sec. 16) and statutes of Nebraska (Comp. St. 1929, sec. 27-503) the county court has exclusive original jurisdiction of all matters relating to the settlement of the estates of deceased persons.' Starr v. Fidelity & Deposit Co., 134 Neb. 240, 278 N. W. 478.

"By statute it is further provided: 'The county court shall have power: * * * Fifth. To require executors, administrators and guardians to exhibit and settle their accounts, and account for the estates and property that

have come into their possession as such.' Comp. St. 1929, sec. 27-504.

"In carrying out this statutory authorization, it is to be remembered that county courts are without general equity jurisdiction, but, in exercising exclusive original jurisdiction over estates, may apply equitable principles to matters within probate jurisdiction. In re Estate of Frerichs, 120 Neb. 462, 233 N. W. 456; In re Estate of Wilson, 97 Neb. 780, 151 N. W. 316." See, also, In re Estate of Wiley, 150 Neb. 898, 36 N. W. 2d 483. The same constitutional and statutory provisions apply to the appointment of guardians and the settlement of their estates. In view of our determination herein, the jurisdiction of the county court over estates to which it has appointed a conservator is substantially the same as that where a guardian has been appointed. It follows that the county court has original jurisdiction with respect to the appointment and settlement of accounts of conservators and it may apply equitable principles to matters within that jurisdiction when necessary. The county court has power to adjudicate the authority of the conservator as against the claims of another who has appeared in the proceeding and challenged it.

In the trial in district court in which Wilhelmine Schutte, Walter Eden as agent, and Harvey A. Neumeister joined as plaintiffs asking affirmative relief, the evidence shows clearly that Eden and Neumeister had denied that Asa was a conservator. They had both urged tenants on the land of Mrs. Schutte not to enter into leases with Asa. Neumeister had joined in letters with Mrs. Schutte instructing elevators and the A.S.C. to pay the rentals and other income from her farms to Eden as agent. Neumeister and Eden each had assets of Mrs. Schutte in his possession as her agent. Neumeister had bank accounts in his name as agent of Mrs. Schutte which were transferred by him to Walter Eden as agent after the order of the county court. Eden continues to hold Mrs. Schutte's property as agent. Under this evi-

dence it would appear proper to determine whether they, or either of them, or the conservator were the fiduciaries entitled to the possession and control of the property comprising the estate of Mrs. Schutte.

The plaintiffs further assign error to the district court stating its judgment was contrary to the law and the evidence. The principal basis of this contention plainly appears to be that Mrs. Schutte had the power and authority to discharge Asa as conservator at any time and require him to account either to the court or to Eden. It may here be mentioned that she at no time asked for an accounting through the court. The plaintiffs premise their arguments on their interpretation of sections 38-901 to 38-903, R. R. S. 1943. They call attention to the fact that the statute provides that a conservator is appointed on application of the person whose estate is to be conserved. They point out the applicant cannot be an idiot or lunatic and need not be mentally incompetent as is required for the appointment of a guardian under section 38-201, R. R. S. 1943, and that the applicant is not disfranchised. They argue that the authority to appoint implies the power to discharge.

A study of the statutes cited shows plainly that the necessary allegations of the applicant are that he is unfit *by reason of the infirmities of age or physical disability to manage his estate with prudence and understanding.* Because of this he may apply for a conservator of his estate. Section 38-903, R. R. S. 1943, provides as follows: "Every conservator shall give bond as provided in section 38-110, and all provisions of law for the managing of estates as provided in articles 5, 6 and 7, Chapter 38, shall apply to such conservator." The articles of the statute in the section mentioned are the same as those which govern other guardians. They provide for the general management of the ward's estate and the payment of his just debts. They provide in certain cases for the sale or mortgaging of real estate. It is obvious these duties involving procedures of some

length could not be performed if the conservator could be removed at any time at the pleasure of the ward. Finally, section 38-507, R. R. S. 1943, provides for the removal of guardians in certain instances including as one ground when the guardian becomes unsuitable therefor.

The only case of this court construing sections 38-901 to 38-903, R. R. S. 1943, is Cass v. Pense, 155 Neb. 792, 54 N. W. 2d 68, where this court held: "Appeals in probate matters from the county court to the district court, except from the probate or denial of probate of wills and from the allowance or disallowance of claims filed against an estate, are tried in district court as cases in equity are conducted.

"Appeals to this court in such matters are heard and determined de novo.

"A proceeding for the apointment of a guardian is in this state a probate matter. * * *

"Chapter 38, article 9, R. S. Supp., 1951, providing for the appointment of a conservator is for the benefit of any adult who is not a spendthrift, mentally ill, or mentally incompetent, but who considers himself unfit by reason of infirmities of age or physical disability to manage his estate." In that case the county court had appointed a guardian but on appeal to the district court a conservator was appointed at the instance of the applicant. The differences in the requirements as to the appointment of a guardian and conservator dependent upon the mental and physical condition of the ward are discussed. There is nothing in the decision, however, that indicates the powers of a conservator after his appointment are different from that of a guardian. We conclude that where one has voluntarily consented to the appointment of a conservator under statutes providing for such appointment and the court has acted upon the matter and made the appointment, the ward by merely withdrawing his consent cannot either terminate

the conservatorship or take away the jurisdiction of the county court in the proceedings.

After carefully reviewing the evidence and the proceedings generally, we have determined the judgment of the district court was right and should be and is affirmed.

AFFIRMED.