In re Estate of John A. Sass, deceased.
Esther Sass et al., appellants, v. William F. Sass,
Administrator of the Estate of John A. Sass,
deceased, appellee.

154 N. W. 2d 456

Filed November 24, 1967. No. 36578.

Fitzgerald, Brown, Leahy, McGill & Strom, William J. Brennan, Jr., and C. L. Robinson, for appellants.

Thomas Zacek, Ronald E. Reagan, and Boland, Mullin, Walsh & Cooney, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

The district court, on jurisdictional grounds, sustained a motion to dismiss an appeal from a county court order dismissing a petition to remove an administrator and surcharge him for specifically alleged breaches of his trust. We reverse the judgment and remand the cause.

Defendant administrator, brother of deceased, was appointed October 21, 1952, and filed his first inventory, in response to a demand by the widow, Esther, about 10 years later, in 1962. The assets are one-third of the corporate stock of Sass Brothers, Inc., of which defendant is president and owner of two-thirds of the stock, real estate in Springfield, Nebraska, on which a store owned by the corporation is located, and other inconsequential items. On May 6, 1965, the county court entered a decree entitled "Decree on Final Account," which provides in part as follows: "The Administrator is ordered to retain in his possession the assets of said estate until such time as payment is made of the court costs amounting to $124.85, to the Administrator for the payment of the premium on his official Administrator's Bond in the amount of $1,310.00, to Webb Warren as his Appraiser's fee of the assets of said estate in the amount of $100.00, to Alois Gramlich as his Appraiser's fee of the assets of said estate in the amount of $100.00, to William F. Sass

as Administrator's fee in the amount of $1,500.00, and to Thomas Zacek and George B. Boland as attorneys' fees in the amount of $3,500.00."

The estate assets (except for a Willys station wagon and household furniture) have not been distributed nor any of the court costs and expenses of administration paid. On September 2, 1965, the heirs and appellants herein filed a petition in county court for removal of the defendant administrator and asking for an accounting, alleging breach of his duty as trustee, a conflict of interest, negligence, waste, and interest for his failure to deliver assets to them. The county court, without a hearing on the merits, on December 3, 1965, dismissed the petition on jurisdictional grounds because a final order and decree had been entered on May 6, 1965. This appeal resulted.

The district court dismissed the appeal on motion, holding, in effect, that the decree of May 6, 1965, was a final order unappealed from, and that there was no jurisdiction in the county or district courts to hear the petition on its merits.

This decision and holding of the district court was in error for two reasons, either one of which is sufficient to establish jurisdiction in the county court and the district court on appeal:

(1) The county court has and retains jurisdiction to review and discipline an administrator or executor for breach of fiduciary duty until there has been full compliance with all judgments, orders, and decrees and until the estate has been placed in the hands of the distributees. In In re Estate of Statz, 144 Neb. 154, 12 N. W. 2d 829, it is said: "This court recently held in In re Estate of Jurgensmeier, supra, 'In carrying out this statutory authorization, it is to be remembered that county courts are without general equity jurisdiction, but, in exercising exclusive original jurisdiction over estates, may apply equitable principles to matters within probate jurisdiction (and render to the parties inter-

ested in the assets of the estate such relief as their respective situations may justify). In re Estate of Frerichs, 120 Neb. 462, 233 N. W. 456; In re Estate of Wilson, 97 Neb. 780, 151 N. W. 316.' See, also, 34 C. J. S. 965, sec. 840; 33 C. J. S. 1011, sec. 79; Dame, Probate and Administration (3d ed.) 12-15, secs. 13, 14, and 15. *Such jurisdiction and authority of the county court continue until the executor or administrator has fully complied with all its judgments, orders, and decrees and the estate has been placed in the possession of those to whom it devolves.* In re Estate of Wilson, 98 Neb. 852, 154 N. W. 717; In re Estate of Hansen, 117 Neb. 551, 221 N. W. 694; 3 Woerner, American Law of Administration (3d ed.) 1756, sec. 506, and 1963, sec. 572; Woerner, American Law of Administration (3d ed.) 513, sec. 150; Dame, Probate and Administration (3d ed.) 578, sec. 567." (Emphasis supplied.) This precise holding was recently affirmed in Eden v. Asa, 178 Neb. 651, 134 N. W. 2d 600.

(2) The decree of May 6, 1965, was not a final order. It requires retention of the assets of the estate, it does not settle the estate, it requires additional collections of money or the sale of property for the payment of administration expenses and an accounting therefor, it does not settle the accounts of the administrator for the entire period of administration, and it does not discharge the defendant administrator. The record reveals that up to the date of appeal the assets have been retained, there has been no report of collections or expenses since December 30, 1963, nor payment of the costs and expenses of administration or accounting therefor, nor any further action on the part of the administrator.

The argument is that, as notice had been given of final settlement of the estate, the order at such hearing must be final in all particulars. But the effect of the order must be determined from the order itself. In In re Estate of Wilson, 98 Neb. 852, 154 N. W. 717, paraphrasing the language of the above case as applicable here, the administrator was not discharged, he had to

transact further business and receive and pay out funds. The estate had no cash assets. And yet the decree expressly ordered the administrator to retain possession of the assets until the costs and expenses were paid. This leads the appellee administrator to take the flat position that it was the duty of the heirs to pay the costs and expenses and that the administrator had no power or duty to "raise such funds, and pay these expenses." This position, of course, is untenable as it was the duty of the administrator to pay such costs and expenses and to sell such assets as necessary to accomplish this purpose, under the authorization and approval of the county court. The record reveals that over 2 years have elapsed since the entry of the order and nothing has been done, the assets remain undistributed, no costs or expenses have been paid, rents have been collected, and the administrator has not been discharged or filed any further report. The order of May 6, 1965, although purporting to be final, was in no sense a final decree or order as to the accounts of the administrator. Orders of a probate court adjusting or correcting accounts of an administrator, made while he was acting as such administrator, are interlocutory and not final until his discharge as administrator and final settlement of his accounts upon such discharge. In re Estate of Wilson, *supra;* In re Estate of Hansen, 117 Neb. 551, 221 N. W. 694.

The district court was in error in sustaining the motion to dismiss. Without dispute, the petition filed herein in the county court and the district court stated a cause of action which, if proved, would warrant appropriate relief for breach of the administrator's fiduciary duties during the whole (over 14 years) period of his administration. The judgment of dismissal is reversed and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.