MARY J. SELLS, PLAINTIFF IN ERROR, V. D. D. HAG-GARD & CO., DEFENDANTS IN ERROR.

1. **Appeal**: PLEADING CAUSE OF ACTION : EVIDENCE. While a plaintiff in an appellate court must prosecute the same cause of action as in the court of original jurisdiction, yet so long as the identity of the cause of action is maintained he may plead and prove any fact to show its validity.

2. **Evidence.** A letter held to be incompetent and properly excluded.

3. ———— : DEPOSITIONS : NON-RESIDENT WITNESS. Where from the deposition of certain witnesses it appears that they are non-residents of the state, it is unnecessary for the party offering the depositions in evidence to prove they are not present in court.

4. ———— : ———— : NON-RESIDENT PLAINTIFF. A party plaintiff who is a non-resident of the county where the trial is held need not appear personally to testify in the case, but his deposition may be taken as in the case of other non-resident witnesses.

5. **Evidence**: FOREIGN LAWS. Where the statute of another state is pleaded, and offered, and allowed in evidence, but not introduced, it will be unavailing to the party offering the same.

6. ———— : ———— : The statutes of another state must be pleaded as facts and the proof submitted to the jury.

ERROR to the district court for Platte county.    Tried below before POST, J.

*McAllister Bros.*, for plaintiff in error.

*Sullivan & Reeder*, for defendant in error.

MAXWELL, CH. J.

This action was brought on a promissory note, of which the following is a copy:

"$100.00.    ANCHOR, ILLINOIS, October 17th, 1882.

"On or before the first day of December, 1883, for value received, I or we, the undersigned, of Anchor Township, county of McLean, state of Illinois, promise to pay to the order of D. D. Haggard & Co., one hundred dollars, at C. A. Schurman & Co.'s bank at Saybrook, Ill., with exchange and expense of collection and interest at eight per cent per annum, payable annually from date until maturity, and eight per cent per annum from maturity until paid. If this note is not paid at maturity and is placed in the hands of an attorney for collection, in consideration of the credit herein given, we agree to pay its holder ten per cent additional upon the amount due as liquidated damages for non-payment at maturity, and also other expenses incurred in its collection. Demand, protest, and notice of non-payment waived by drawers and indorsers.

her<br>
MARY J. ⋈ SELLS.<br>
mark

Witness: O. PATTER.    J. A. SELLS."

The answer is as follows:

"Now comes the said defendant, Mary J. Sells, and for answer to the plaintiffs' petition states:

"*First.* She admits that she signed the note mentioned and referred to in plaintiffs' petition, but alleges that it is null and void for the following reasons.

"*Second.* Said defendant alleges that at the time she signed said note she was a married woman and living with her husband, that said note was not given for any debt or obligation owing by this defendant to said plaintiff, or for any claim or obligation against the separate property of this defendant.

"*Third.* Said defendant alleges that said note was ob-

tained by said plaintiff by force and duress, and was not her voluntary act, in this, to-wit, defendant alleges that W. H. Haggard, of the firm of D. D. Haggard & Co., plaintiffs, on the day that said note was executed, told this answering defendant that if she did not give and sign this note then he would have her husband, Basil Sells, arrested and prosecuted and sent to the penitentiary of Illinois, that this defendant then and there believed that if she did not give and sign the note in suit that said W. H. Haggard would immediately arrest and imprison her said husband."

The reply was as follows:

" Comes now the said plaintiffs, D. D. Haggard & Co., and for a reply to defendant's answer filed herein admits :

"(1) That defendant was a married woman at the time she executed the note in question.

"(2) And plaintiffs aver that said note was signed and said contract entered into in the state of Illinois, and that at the time said note was so signed and said contract entered into that section number six of chapter number sixty-eight of the statutes of the state of Illinois was as follows : ' Contracts may be made and liabilities incurred by a wife and the same enforced against her to the same extent and in the same manner as if she were unmarried, but except with the consent of her husband she may not enter into or carry on any partnership business unless her husband has abandoned or deserted her, or is idiotic or insane, or is confined in the penitentiary ;' said statute was then and now is in force in said state.

"(3) Plaintiffs deny each and every other allegation in said answer contained."

To this reply the defendant filed a motion supported by an affidavit as follows :

"Now comes the said defendant, Mary J. Sells, and moves the court to strike out the second paragraph or count of plaintiffs' reply, for the reason that said count raises a new and different issue from any issue that was raised or pre-

sented in the trial of this case in the court from which it was appealed."

In support of this motion defendant refers to the files in this case in the county court of Platte county, and also the affidavit of Stephen S. McAllister herewith filed and made a part hereof as follows:

"Stephen S. McAllister, being first duly sworn according to law, deposes and says that he was one of the attorneys for said defendant in the trial of this case in the county court of Platte county, and was present during the entire trial of said cause, acting as the attorney for said defendant, and that on said trial no reference was made to the statute of Illinois, mentioned and set forth in the 2d count of plaintiffs' reply, nor was the said statute of Illinois offered in evidence by said plaintiffs, nor was any isssue raised on or concerning said statute of Illinois in said county court.

(Signed)                STEPHEN S. McALLISTER."

The motion was overruled, to which the defendant below (plaintiff in error) excepted, and now assigns the overruling of said motion for error.

In *O'Leary v. Iskey*, 12 Neb., 137, it was held that a case is to be tried in an appellate court upon the same issues which were presented in the court from which the appeal was taken. This rule was approved and adhered to in *U. P. R. R. v. Ogilvy*, 18 Neb., 638. That is, the action is to be brought on the same claim and substantially the same defenses to be made against it in the appellate court as in the court of original jurisdiction. In this case the defendant below admits the making of the note, but pleads coverture as a defense against it and that it was not made in reference to her separate estate. That portion of the reply objected to simply states in effect that she had authority under the statutes of Illinois, and therefore the note is valid. The reply does not change the nature of the cause of action. So long as the identity of the cause of

action is maintained a party may prove any fact in the appellate court proper to be received in evidence which tends to sustain sustain the cause of action.

The rule that causes are to be tried in the appellate courts upon substantially the same issues as in the court of original jurisdiction, is intended to require the respective parties to settle the controversy in the first trial if possible. If, however, either party is dissatisfied with the judgment, the statute gives the right of appeal. In the appellate court the plaintiff's claim is to be set forth substantially the same as in the court below, and substantially the same defenses made, otherwise it would not be be an appeal. But neither party, in the first instance, is required to produce all the evidence in support of his claim or defense. He may not deem it necessary to do so, or may be unable to produce the same. Therefore in the trial in the appellate court the plaintiff may produce any testimony tending to establish his claim, and the same rule applies to the defendant. Otherwise the ends of justice would frequently be defeated. The court did not err, therefore, in overruling the motion of the defendant.

*Second.* Error in refusing to receive the following letter:

"D. D. HAGGARD. W. H. HAGGARD.
Office of .
D. D. HAGGARD & Co.,
Hardware, Stoves, and Farm Machinery,
210, 216, and 218 West Washington Street,
BLOOMINGTON, Ill., Sept. 19th, 1882.

BASIL SELLS, Saybrook, Ill., Dear Sir: We have sent your note for $81.55 and interest to the bank at Saybrook, Ill., for collection. We find that the property statement you made on that note is false, and would advise you, if you wish to avoid serious trouble, that you pay the note at once. Respectfully,
D. D. HAGGARD & Co."

This was objected to by plaintiffs as immaterial, irrelevant, and incompetent. Objection sustained.

There was no error in sustaining the objection; the letter, if admitted, would not tend to prove any issue made by the answer, while it would distract the attention of the jury from the real questions at issue.

*Third,* That the court erred in receiving the depositions of W. H. Haggard and O. Potter, it being alleged that there was no foundation laid for the admission of the depositions, as it was not shown that they could not be present at the trial, and W. H. Haggard being one of the plaintiffs.

Section 372 of the code of civil procedure provides that "The depositions of any witness may be used only in the following causes: *First.* When the witness does not reside in the county where the action or proceeding is pending, or is sent for trial by change of venue, or is absent therefrom. *Second.* When from age, infirmity, or imprisonment, the witness is unable to attend the court, or is dead. *Third.* When the testimony is required upon a motion, or in any other case where the oral examination of a witness is not required."

Section 386 provides that "When a deposition is offered to be read in evidence, it must appear to the satisfaction of the court, that for any cause specified in section three hundred and seventy-two, the attendance of the witness can not be procured."

The depositions in this case appear to have been taken in another state, of witnesses whose places of residence were in another state. It being thus clearly shown that they were non-residents, their absence from the county at the time of trial would be presumed, and such depositions are admissible without further proof of the absence of the witnesses. A plaintiff who is a non-resident of the county where the action is tried cannot be required to appear in person at the trial, but his deposition may be taken the same as other non-resident witnesses. This objection therefore is untenable.

*Fourth.* The court erred in refusing to set the verdict aside as against the evidence. This is predicated principally upon the alleged duress set up in the answer. There is a large amount of testimony on this point which we will not discuss, as for reasons hereinafter stated there must be a new trial. If, however, the decision of the case rested upon the question of duress alone, the verdict would not be disturbed. The plaintiff below sought to introduce the statute of Illinois to prove the authority of Mrs. Sells to make the note in question. Objection was made to the introduction of the statute but was overruled; the statute, however, was not introduced. The plaintiffs then offered to introduce the decision of the supreme court of Illinois in *Taylor v. Boardman,* 92 Ill., 566, and offered to read the same to the jury. The defendant below objected, and the objection was sustained. It will thus be seen that the statutes of Illinois authorizing a married woman to execute a note like the one sued on were not submitted to the jury. By stipulation of the attorneys in the supreme court the case above referred to, cited in 92 Illinois, was to be considered by the court in connection with a bill of exceptions; but as the statutes of another state are to be pleaded and proved as facts, the testimony must be submitted to a jury. There is a failure of proof therefore as to the authority of the wife to execute the note in question, and for that reason the judgment of the court below must be reversed and a new trial granted.

REVERSED AND REMANDED.

THE other judges concur.