HENRY LEVI ET AL. V. DAVID FRED.

FILED JANUARY 2, 1894.  No. 5057.

1. **Appeal:** ISSUES IN APPELLATE COURT. It is a well settled rule in this state that an appeal to the district court must be tried on the same issues as in the court from which the appeal was taken.

2. **Exception to Pleading Raising New Issue on Appeal:** WAIVER: REVIEW. An objection that a petition filed

in the district court introduced a new cause of action will not be considered by this court, where it appears that no objection was made or exception taken on that ground until after the trial in the lower court.

3. **Appeal:** PLEADING.  While on appeal to the district court the plaintiff must prosecute the same cause of action as in the court of original jurisdiction, yet, in drafting his petition, he is not confined to the allegations contained in his pleading in the court below, so long as the identity of the original cause of action is preserved.

4. **Failure to Except to Instructions:** REVIEW.  Instructions will not be reviewed by this court where no exceptions were taken by the party complaining at the time the charge was read to the jury.

ERROR from the district court of Douglas county.  Tried below before IRVINE, J.

*Charles Offutt,* for plaintiffs in error:

On appeal to the district court from a lower one, the cause must be tried *de novo,* with the issues precisely the same as at the trial below. (*O'Leary v. Iskey,* 12 Neb., 136; *Baier v. Humpall,* 16 Neb., 127; *Union P. R. Co. v. Ogilvy,* 18 Neb., 638; *Fuller v. Schroeder,* 20 Neb., 631; *Bishop v. Stevens,* 31 Neb., 786.)

*Slabaugh, Lane & Rush, contra.*

NORVAL, J.

This was an action for damages for breach of contract brought by David Fred against Henry Levy and Davis Skolinkowski before a justice of the peace.  From a judgment in plaintiff's favor the defendants appealed to the district court, where Fred obtained a judgment against the defendant Skolinkowski.

After the selection of the jury in the district court plaintiff was permitted to file an amended petition, and this ruling of the court is assigned as error.  It is insisted by counsel for plaintiffs in error that the amended petition in-

troduced a new and different cause of action from that tried in the justice court. The principle has been frequently stated in the decisions of this court that a party has a right to have the action tried on the same issues as in the court from which the appeal was taken; but this is a right that can be waived. The objection, to be available, must be made at the proper time. The defendants below did not at the time state any ground of objection to the filing of an amended petition, but simply excepted to the ruling being made. It was in the motion for a new trial that complaint was first made that the issues had been changed. A party will not be permitted to wait until he ascertains that the verdict is against him, and then urge that the identity of the issues was not preserved on appeal. Fairness to the trial court, and the opposite party, requires that the objection should be urged at the earliest opportunity. (*O'Leary v. Iskey*, 12 Neb., 136; *Sawyer v. Brown*, 17 Neb., 171.)

The rule which forbids new issues being raised in an appellate court has not been violated in this case. The cause of action set up in the amended petition is the same as declared on before the justice. It is true the facts are more fully stated in the amended petition than in the bill of particulars, but the identity of the cause of action was preserved. This was all that was required. (*Sells v. Haggard*, 21 Neb., 357.)

The original petition failed to state sufficient facts to entitle plaintiff to a judgment against Henry Levi. This defect was covered by proper allegations in the amended pleading. The only person affected by the amendment was Levi, and as the verdict was in his favor, no one was prejudiced by permitting an amendment to be made.

Complaint is made that certain instructions were misleading and prejudicial to the rights of plaintiffs in error. Objections to the charge of the court cannot be considered, for the reason no exceptions were taken by the party now complaining at the time the instructions were read to the

jury.   The only exceptions in the court below to the charge were taken by defendant in error.

There being no reversible error in the record, the judgment of the court below is

AFFIRMED.