HORACE BROCKWAY, APPELLEE, V. HENRY REYNOLDS ET AL.,
APPELLANTS.

FILED OCTOBER 4, 1906.  No. 14,421.

1. **Justice of the Peace: APPEAL: PLEADING.** On appeal to the district court a defendant is not required to allege a counterclaim in the same language in which it was pleaded in the inferior court. It is sufficient if the identity of the counterclaim is preserved.

2. **Depositary: ACTION: DEFENSES.** The depositary of funds in escrow is entitled to prove any facts which would defeat the plaintiff's claim thereto.

APPEAL from the district court for Dawes county: JAMES J. HARRINGTON, JUDGE. *Reversed.*

*Albert W. Crites* and *Ernest M. Slattery,* for appellants.

*J. E. Porter* and *D. B. Jenckes, contra.*

EPPERSON, C.

This action was instituted before a justice of the peace in Dawes county, and taken on appeal to the district court. The plaintiff alleged that he issued his check on the Commercial State Bank of Crawford in the sum of $125, payable to the defendant, Pitman; that said check was deposited with the defendants, Reynolds and Slattery, with a written agreement providing that the check should be delivered to Pitman whenever he procured the transfer to the plaintiff of a certain mortgage deed and the notes secured thereby; that Pitman never secured the transfer of said mortgage and notes; that it was then beyond his power so to do; that Pitman indorsed the check in controversy, and that defendants negotiated the same without plaintiff's knowledge or consent, and that the amount thereof was paid from the plaintiff's funds. The defendant Pitman filed a counterclaim, in which he alleged that on or about the 7th day of January, 1901, the plaintiff agreed to pay him the sum of $100 for his deed conveying

18

to the plaintiff the legal title to the land described in the plaintiff's petition; that the deed and purchase price were deposited with defendants, Reynolds and Slattery, to become effective upon plaintiff's receiving the sheriff's deed to the same premises; that on or about the 25th day of March, 1901, the plaintiff, without the knowledge or consent of the defendant, Pitman, and for the purpose of cheating and defrauding the defendant out of the sum of $100, represented to Reynolds and Slattery that he wanted to show the said deed to his attorneys ·for examination, and if they would let him take it for that purpose he would return it in a short time. Upon such representations the deed was delivered to plaintiff, who converted the same to his own use, and caused it to be recorded; that plaintiff forbade Reynolds and Slattery to pay the $100 purchase price to Pitman. He prayed judgment against the plaintiff for $100. The plaintiff filed a motion to strike the defendant's counterclaim from the files, for the reason that it set forth a separate and distinct contract not pleaded in the court below. This motion was allowed, and the counterclaim stricken. The counterclaim alleged in the inferior court omitted the reference to the obtaining of the sheriff's deed pleaded in the district court, and failed to allege when the delivery of the deed was to be made under the agreement. Otherwise, the counterclaim alleged in the district court was substantially as that in the justice's court.

It has been held by this court that a cause of action on appeal need not be alleged in the same language used in the inferior court, but if the identity of the cause of action is preserved the pleading is sufficient. *Citizens State Bank v. Pence*, 59 Neb. 579; *Levi v. Fred*, 38 Neb. 564. In the case at bar the counterclaim alleged was the fraudulent procuring of the deed by the plaintiff from the depositary, for which the plaintiff had agreed to pay a fixed price. By the counterclaim alleged in each court the defendant, Pitman, sought to recover the amount. The court's order striking the counterclaim from the files was

wrong, and for this reason the judgment of the district court should be reversed as to the defendant, Pitman.

Defendants Reynolds and Slattery filed their separate answer, claiming $25 for services rendered plaintiff, and alleging that the defendant, Pitman, demanded of them $100 of the amount deposited, as the consideration for the deed delivered to plaintiff. After the court struck .out the counterclaim of the defendant, Pitman, Reynolds asked leave to amend the prayer of their answer, by asking judgment against the plaintiff for the additional $100 as a protection to them against the claim of Pitman. This the court refused.

There was evidence introduced to the effect that $100 of the $125 deposited was to be used to pay for Pitman's deed, the other $25 to pay Pitman for his services in procuring an assignment of a mortgage on the same land; the whole amount to be delivered to Pitman, whenever he should procure the assignment of the mortgage to plaintiff. There was also evidence that, in the event that Pitman failed to procure the assignment of the mortgage, the check was to be returned to plaintiff, unless he should then elect to pay $100 for the deed. There was evidence, also, showing that the plaintiff fraudulently obtained possession of the deed from Reynolds and Slattery. Whether such evidence might be overcome by plaintiff, we are unable to say, as he was not required to refute it. Consideration of the same was taken from the jury by the rulings of the trial court. It appears that the plaintiff has procured Pitman's deed to certain land. He agreed to pay for same, but has not done so, and, according to the judgment of the district court, will avoid paying for it, or will subject the defendants to further and unnecessary litigation. If the defendants' theory of the case is right, then $100 of the amount deposited by the plaintiff with Reynolds and Slattery belongs to Pitman, and defendants should have a judgment against the plaintiff for a dismissal of his case, and for interest and costs. But the trial court refused defendants a hearing on their theory of

the case, and gave judgment to the plaintiff for the amount sued for, less the amount due to Reynolds and Slattery for services performed. As the depositary of the funds in escrow, Reynolds and Slattery were bound to account to Pitman for his property deposited with them, and were entitled to prove any facts which would defeat the plaintiff's claim thereto, and show the title to the deposited funds in their codefendant. Evidence of Pitman's claim to the $100 deposited should have been submitted to the jury.

We recommend that the judgment of the trial court be reversed for a new trial upon the pleadings, including the counterclaim stricken from the answer of the defendant, Pitman, upon his refiling the same.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons appearing in the above opinion, the judgment of the district court is reversed for a new trial upon the pleadings, including the counterclaim stricken from the answer of the defendant, Pitman.

REVERSED.