IN RE ESTATE OF AUGUSTUS STATZ.
LILLIE M. FILER, APPELLANT, CROSS-APPELLEE, V. HAZEL J. STATZ, ADMINISTRATRIX, APPELLEE, CROSS-APPELLANT.
12 N. W. 2d 829

FILED JANUARY 25, 1944. No. 31630.

*Kuns & Van Steenberg* and *H. G. Wellensiek,* for appellant.

*H. A. Brubaker, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CHAPPELL, J.

This litigation originated in the county court of Nuckolls county, Nebraska. For clarity it seems necessary to review certain preliminary proceedings. The county court appointed William Statz executor of the estate of Augustus Statz, deceased. William Statz, the executor, died, and Hazel J. Statz, his wife, was appointed administratrix of his estate. Certain legatees under the will made application for the appointment of an administrator *de bonis non,* c. t. a., of the Augustus Statz estate and F. M. Harris was so appointed. Thereafter two legatees made request in writing to the county court that Hazel J. Statz, administratrix of the estate of the executor deceased, and his sureties, be required to render a final account of the executor's administration of the estate of Augustus Statz, deceased. The administratrix thereafter filed an extensive showing which included an itemized statement and account of all money and assets received and expended by the deceased executor between April 11, 1938, the date of his last report to the county court, and the date of his death on July 26, 1938, including balances then remaining in her hands. Among other things she alleged that she had accounted to the administrator *de bonis non* for all of the assets coming into her hands. Upon this

showing the county court denied the request of the legatees. The order, however, did not adjudge the legality, sufficiency or finality of the showing made by the administratrix. Thereafter Lillie M. Filer filed a pleading in the county court entitled, "Objections to the showing of Hazel J. Statz, administratrix of the estate of William Statz, deceased," which we will call a petition. In this petition she stated that she was one of the legatees under the last will and testament of Augustus Statz, deceased; objected to the showing of Hazel J. Statz, administratrix; and alleged, in substance, that on November 29, 1929, William Statz, as executor of the estate of Augustus Statz, deceased, failed to perform his duties as executor, violated his duties as executor, and without authority or approval of the county court, and without exercising the care, prudence, and discretion required of him as executor, wrongfully loaned $8,700, funds of the estate, to his wife, Hazel J. Statz, who is now the administratrix of his estate; alleged that the loan was secured by first mortgage on a farm (described), not previously owned by either of them, but purchased for $9,700 at the time of making the loan; that the value of the land at that time did not exceed the sum of $9,700 and was inadequate security; that its value had decreased until the land was not worth to exceed $3,000, and although the mortgage was due and payable December 1, 1939, no action had been brought to foreclose the same; that the executor himself was personally interested in the land and his annual reports to the county court showed that he had personally paid the interest on the loan, and once paid $200 on the principal; that on September 11, 1939, after the death of the executor, and after she was made his administratrix, Hazel J. Statz paid $50 on the principal. Among other things petitioner prayed that the showing of the administratrix be not approved, that the amount due on the loan be determined, for judgment therefor against the estate of William Statz, deceased, and Hazel J. Statz, administratrix, and for such other and further relief as may be just and equitable.

Special appearance of the administratrix, and demurrers

of the administrator *de bonis non* and Hazel J. Statz, administratrix, were respectively overruled, and the latter filed answer, the allegations thereof being immaterial here. Reply was filed and the matter was tried on the merits. Thereupon the county court adjudged the showing insufficient, and found generally for the petitioner, but surcharged the executor's account with only petitioner's proportionate share of the assets involved. In other words, the county court's decree found the transaction to be voidable under the law but repudiated only a part thereof instead of the entire transaction.

The case was appealed to the district court where the parties stipulated, among other things, that the case be tried on the pleadings filed in the county court; that the matter be heard first on the special appearance, next on demurrer, and, if overruled, then on its merits on the pleadings. Special appearance was overruled by the district court, but demurrer was sustained, and upon request of Lillie M. Filer in open court, leave was granted to file an amended petition within twenty days, with which she complied. Motion was then filed to strike the amended petition as in violation of the stipulation, which motion the trial court overruled. Incidentally appellee complains of this ruling, but the general rule is that such stipulations are not absolute, even though in writing, and are not to be treated as contracts to be enforced under all circumstances. They may be set aside by the court in the exercise of a sound discretion in the promotion of justice. *Keens v. Robertson,* 46 Neb. 837, 65 N. W. 897; *State Ins. Co. v. Farmers Mutual Ins. Co.,* 65 Neb. 34, 90 N. W. 997; 60 C. J. 94.

Motion was then filed to strike the amended petition because of variance, contending that it set up a new and different cause of action. This motion was sustained, and, upon the petitioner's election not to plead further, the action was dismissed at costs of the petitioner, who appeals to this court, assigning as error that the trial court erred in sustaining the demurrer of appellee to the original petition, and in striking the amended petition and dismissing the action.

The issues here involve the original petition, demurrer thereto, and dismissal of the amended petition for variance. Bearing this in mind, questions for decision are, whether the county court had jurisdiction of the subject matter and authority to grant the relief prayed; whether appellant had legal capacity to maintain the action; whether the allegations of the original petition stated a cause of action; and whether the amended petition stated a new and different cause of action than that pleaded in the county court.

For the purposes of this opinion, the county court had jurisdiction of the subject matter, and authority to grant such equitable relief as would do exact justice between all the parties in interest. At the outset we conclude that the denial of the summary application requesting that Hazel J. Statz, administratrix, be required to file a final account after her showing was made and filed, is not *res judicata* as contended by appellee, since the matter affected by the application was only interlocutory and incidental or collateral to the determination of this controversy on its merits which were not in any manner previously adjudicated. 34 C. J. 763.

A demurrer to a petition admits only facts well pleaded therein and the court will not consider extrinsic facts admitted or alleged by the parties or their counsel. As a general rule only the demurrer and the pleading demurred to may be considered in passing thereon. *Griffin v. Gass*, 133 Neb. 56, 274 N. W. 193. "A demurrer to a petition only lies to the statement of facts constituting the supposed cause of action, not to the prayer for relief, which may be much in excess of what those facts warrant the court to grant." *Burnham v. Bennison*, 121 Neb. 291, 236 N. W. 745. We have recently held that a prayer for equitable relief is as broad as the pleadings and the equitable powers of the court. *Gibson v. Koutsky-Brennan-Vana Co.*, 143 Neb. 326, 9 N. W. 2d 298; 21 C. J. 679; 30 C. J. S. 1000, sec. 607. When a petition is filed alleging an original cause of action directed against administration proceedings to obtain relief by the application of equitable principles, on demurrer

thereto, other records in the probate proceeding which are not a part of the petition or demurrer are not before the court until some issue of fact or law is properly raised requiring an investigation thereof. *Genau v. Abbott,* 68 Neb. 117, 93 N. W. 942. Therefore, whether as contended by appellee, the executor had filed a full and final report and account as executor, obtained decree of final settlement and distribution to him as trustee, was finally discharged as executor and served thereafter as trustee under the will, depriving the county court of jurisdiction, is a factual and legal question which cannot be determined by this court upon demurrer to the petition. By the same token we cannot decide whether the county court retained jurisdiction over the estate or trust as authorized in section 30-611, Comp. St. 1929, or section 30-1801, Comp. St. Supp. 1935.

The county court is a court of record. Const. art. V, sec. 16. "Jurisdiction of the subject matter is to be tested by the authorized extent of the powers of the court in respect to the cause of action before it." Dame, Probate and Administration (3d ed.) 16, sec. 16. "In a court of record, it is not essential that every jurisdictional fact appear upon the face of the record, and if a petition sets out facts sufficient to show a cause of action within the general jurisdiction of the court, and no facts appear upon the face of the record establishing that no jurisdiction exists, all presumptions are resolved in favor of the power of the court to act." *Brandeen v. Lau,* 113 Neb. 34, 201 N. W. 665.

By the Constitution, article V, sec. 16, and section 27-503, Comp. St. 1929, the county court has exclusive original jurisdiction of all matters relating to the settlement of the estates of deceased persons. *In re Estate of Jurgensmeier,* 142 Neb. 188, 5 N. W. 2d 233. Section 27-504, Comp. St. 1929, provides, in part: "The county court shall have power: * * * Fifth. To require executors, administrators, and guardians to exhibit and settle their accounts, and account for the estates and property that have come into their possession as such." This court recently held in *In re Estate of Jurgensmeier, supra,* "In carrying out this statutory au-

thorization, it is to be remembered that county courts are without general equity jurisdiction, but, in exercising exclusive original jurisdiction over estates, may apply equitable principles to matters within probate jurisdiction (and render to the parties interested in the assets of the estate such relief as their respective situations may justify). *In re Estate of Frerichs*, 120 Neb. 462, 233 N. W. 456; *In re Estate of Wilson*, 97 Neb. 780, 151 N. W. 316." See, also, 34 C. J. S. 965, sec. 840; 33 C. J. S. 1011, sec. 79; Dame, Probate and Administration (3d ed.) 12-15, secs. 13, 14, and 15. Such jurisdiction and authority of the county court continue until the executor or administrator has fully complied with all its judgments, orders, and decrees and the estate has been placed in the possession of those to whom it devolves. *In re Estate of Wilson*, 98 Neb. 852, 154 N. W. 717; *In re Estate of Hansen*, 117 Neb. 551, 221 N. W. 694; 3 Woerner, American Law of Administration (3d ed.) 1756, sec. 506, and 1963, sec. 572; 1 Woerner, American Law of Administration (3d ed.) 513, sec. 150; Dame, Probate and Administration (3d ed.) 578, sec. 567.

The present action is not one to recover a money judgment as excepted in section 30-801, Comp. St. 1929, but to require a true and just accounting as required by law, and recover possession of a trust fund, personal property of the estate, by surcharging the executor's account therefor and to require his administratrix to account for such assets of the estate coming into her possession after his death and such assets of the estate coming into her possession wrongfully, with knowledge, during administration thereof before his death and still retained thereafter. By statute, section 30-1401, Comp. St. 1929, "Every executor and administrator shall be chargeable in his account with the whole of the goods, chattels, rights and credits of the deceased which may come to his possession; * * * and with all the interest, profit and income that shall in any way come to his hands from the estate of the deceased." Other appropriate sections in the same chapter of our statutes provide the time, manner, duty, and necessity of making a true and just accounting of the property of the estate to the county court.

Therefore, the county court has the power to require an executor or an administrator, whose office is ended, to render a true and just account of all the assets and property that have come into his possession as such (34 C. J. S. 952, sec. 833), and if the executor or administrator is deceased, the citation may issue to compel his personal representative and his bondsmen to make such an accounting. Dame, Probate and Administration (3d ed.) 11, sec. 12; 24 C. J. 933; 34 C. J. S. 949, sec. 831. To promote justice in behalf of persons interested in the assets of an estate it is now established that, if a third party who has himself planned, or who has participated in, the wasting of an estate, and is before the court, as on objections to the final account, the court may compel him to refund to the representative what he has unlawfully received. See Dame, Probate and Administration (3d ed.) 592, sec. 579. See, also, 33 C. J. S. 1248, sec. 242; 34 C. J. S. 1331, sec. 1049; *Blake v. Chambers,* 4 Neb. 90; *McGlave v. Fitzgerald,* 67 Neb. 417, 93 N. W. 692; *Howells State Bank v. Estate of Muller,* 113 Neb. 177, 202 N. W. 450.

The only conclusion that can be drawn from the allegations of the petition and demurrer is that the administratrix, Hazel J. Statz, appellee, still possesses and owns the real estate which was purchased with the alleged unlawful loan obtained from her husband, the executor, and the mortgage thereon inadequately securing its payment is still owing, unpaid and unsatisfied by her in the amount of $8,450 and interest which belongs to and is a part of the assets of the estate. Under such circumstances, this action may be maintained in the county court for the purpose of an accounting of the trust property, which is still traceable and technically and legally in the possession of the county court, and appellant is not limited to the filing of a claim against the executor's estate or an action in the district court to enforce the trust against the administratrix of his estate. 2 Woerner, American Law of Administration (3d ed.) 1333, sec. 402.

Contention by appellee that this action cannot be main-

tained by appellant because she does not have such an interest in the estate as qualifies her to do so, is without merit. There is a distinction in the cases between representing the estate in litigation and litigation with the representative of the estate. *Rine v. Rine,* 91 Neb. 248, 135 N. W. 1051. Administration proceedings to settle the estate of a decedent are proceedings *in rem,* and every person interested in such settlement is a party in the county court whether he is named or not. He may appear for the purpose of protecting his interests in the county court, and an appeal to the district court removes the whole case to the district court. Dame, Probate and Administration (3d ed.) 16, sec. 17; 33 C. J. S. 890, sec. 12; *In re Estate of Nilson,* 126 Neb. 541, 253 N. W. 675; *Nilson v. Tekamah Investment Co.,* 133 Neb. 180, 274 N. W. 465. The general rule is that any person beneficially interested in the estate embraced in an administration account may cite the executor or administrator to file an account, object, or file objections to the terms or matters contained in the account, and the representative may in a proper proceeding be surcharged with losses occurring because of a breach of trust. 21 Am. Jur. 664, sec. 506, and 665, secs. 507 and 508. Legatees and distributees come within the scope of this rule, and when they positively allege their status in a petiton or objections to the account, such objections should be disposed of in a legal manner and not be summarily dismissed on the assumption without proof that the objectors are not heirs, legatees, or distributees. 24 C. J. 1007; 34 C. J. S. 1067, sec. 884. Further, since Lillie M. Filer positively alleged in the petition that she was one of the legatees under the last will and testament of Augustus Statz, deceased, which is admitted by demurrer, she has such an interest as will permit the action to be maintained. 34 C. J. S. 983, sec. 848. It is immaterial also whether this action was brought by one legatee or by all of them, if the application now before us is meritorious on the facts pleaded and under the law, since the loan is merely voidable and each of the persons interested in the assets of a loan wrongfully made by an executor to himself or his

wife, has an individual election to repudiate or ratify the transaction, and ratification by some of the heirs or devisees who are *cestui que trusts* will not preclude a repudiation of the entire transaction by others. *In re Estate of Jurgensmeier, supra.*

With reference to the statute of limitations, of which appellee claims the benefit, the rule is that the trust of an executor or administrator is a continuing one, and he cannot set up the statute of limitations as against the rights of the next of kin or persons entitled to the distribution of the assets of the estate unless he repudiates the trust or sets up claims in his own right, or until the trust is terminated. A plea of the statute of limitations is not open to an executor or administrator, or the personal representative of a deceased executor or administrator, in an action for an accounting of the assets of the estate. 37 C. J. 921; 21 Am. Jur. 658, sec. 495; 34 C. J. S. 756, sec. 733; 34 Am. Jur. 290, sec. 374, and 291, sec. 376; Dame, Probate and Administration (3d ed.) 574, sec. 565; 2 Woerner, American Law of Administration (3d ed.) 1333, sec. 402.

The original petition filed herein states a cause of action. In this connection, the law is that an executor or administrator should preserve the property of the estate entrusted to him, separate and apart from his own, to give it an earmark so that it will always be technically in the custody of the county court and readily known and traceable. The violation of this duty is a breach of trust which may entail the consequences of pecuniary liability upon him for profit to himself or loss to the *cestui que trusts*, although acting in good faith. An executor or administrator cannot contract with himself. 1 Woerner, American Law of Administration (3d ed.) 602, sec. 177. An executor or administrator should not employ the assets of the estate in his own business or in speculation on his own account since he is not permitted to reap any gain, profit, or advantage from use of the trust fund. 33 C. J. S. 1243, sec. 239; 2 Woerner, American Law of Administration (3d ed.) 1107, sec. 336. In making investments of the funds of the estate the executor

or administrator acts as a trustee and his duties and liabilities are governed by the same rules which apply to other trustees. 33 C. J. S. 1190, sec. 206; *In re Estate of Jurgensmeier, supra*. A trustee may not borrow from a trust fund in his charge. 2 Scott, Trusts, 888, sec. 170.17; *Lancaster County Bank v. Marshel*, 130 Neb. 141, 264 N. W. 470; *Baird v. Lane*, 115 Neb. 413, 213 N. W. 512; *Johnson v. Erickson*, 110 Neb. 511, 194 N. W. 670. There is a principle in the law of trusts, sustained by reason and authority, which we hereby accept, to the effect that the rule against a trustee (executor or administrator) borrowing money from a trust fund in his charge at the expense of the beneficiary, or advantage or profit to himself, applies to cases wherein the spouse of the trustee is the recipient of such loan, advantage or profit. *Driver v. Blakeley*, 165 Or. 312, 107 Pac. 2d 524, 131 A. L. R. 985. See, also, note, 131 A. L. R. 990-1003; 65 C. J. 653. An intelligible statement of facts under oath showing an existing substantial right by reason of such a breach of trust, which the court has jurisdiction to enforce, concluding with a prayer for general equitable relief, is a sufficient allegation of all matters necessary under our code to state a cause of action and sustain a judgment in the county court. *Genau v. Abbott, supra*.

On the question of variance, we do not deem it necessary to set out the allegations of the amended petition. It is the general rule that the same issues must be tried on appeal as in the original proceedings in the county court. However, in view of propositions of law heretofore stated, the case at bar clearly comes within the rule that, "While on appeal to the district court the plaintiff must prosecute the same cause of action as in the court of original jurisdiction, yet, in drafting his petition, he is not confined to the allegations contained in his pleading in the court below, so long as the identity of the original cause of action is preserved." *Levi v. Fred*, 38 Neb. 564, 57 N. W. 386. See, also, *Sells v. Haggard & Co.*, 21 Neb. 357, 32 N. W. 66; *Ball v. Beaumont*, 59 Neb. 631, 81 N. W. 858; *McPherson v. Commercial Nat. Bank*, 61 Neb. 695, 85 N. W. 895; *Brockway v. Reynolds*, 77

Neb. 225, 109 N. W. 154; *Zelen v. Domestic Industries*, 131 Neb. 123, 267 N. W. 352.

We conclude that the trial court erred both in sustaining the demurrer to appellant's original petition, and in striking the amended petition and dismissing the action. Therefore, the judgment is reversed and the cause remanded with directions to hear the appeal on its merits.

REVERSED, WITH DIRECTIONS.